**In re John A. GAVIN, Debtor.**

**American Express Centurion Bank, Optima Account, Plaintiff,**

v.

**John A. Gavin, Defendant.**

Bankruptcy No. 99–05563–3F7.
Adversary No. 99–320.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

April 26, 2000.

Nicholas V. Pulignano, Jr., Jacksonville, FL, for Plaintiff.

Ann W. Rogers, Ormond Beach, FL, for Defendant.

### ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

JERRY A. FUNK, Bankruptcy Judge.

This Proceeding is before the Court on motions for partial summary judgment filed by American Express Centurion Bank ("Plaintiff") and John A. Gavin ("Defendant") with supporting memoranda of law concerning the First Count of Plaintiff's Complaint. (Docs. 16,17,19 & 20.) The parties dispute the dischargeability of Defendant's use of a check drawn on a credit card for payment of federal income tax. Upon review of these pleadings and for reasons set forth below, the Court finds that Plaintiff is entitled to partial summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any materi-

al fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c) (1998). The moving party bears the initial burden of showing the court, by reference to materials on file that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 607 (11th Cir.1991). A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.,* 477 U.S. at 325, 106 S.Ct. 2548. In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Spence v. Zimmerman,* 873 F.2d 256 (11th Cir.1989).

 Section 523(a)(14) of the Bankruptcy Code provides that a discharge under Section 727 does not discharge an individual debtor from any debt "incurred to pay a tax to the United States that would be nondischargeable" pursuant to Section 523(a)(1). 11 U.S.C. § 523(a)(14) (West 2000). This provision was added to the Bankruptcy Code in part to impose a limitation on pre-bankruptcy substitution of a dischargeable obligation for a nondischargeable obligation. *Ed Schory & Sons, Inc. v. Francis (In re Francis),* 226 B.R. 385, 396 (6th Cir. BAP 1998) (Lundin, J., dissenting).

The First Count of Plaintiff's Complaint alleges that $2,406.05 is nondischargeable pursuant to 11 U.S.C. § 523(a)(14). Defendant admits using an American Express check in the amount of $2,561.05 to pay his 1997 federal income taxes. (Doc. 20.) A copy of this check and a copy of Defendant's April 1999 Internal Revenue Service Monthly Statement are attached to Plain-

tiff's motion for partial summary judgment. Between incurring the obligation of this check and filing for bankruptcy protection, Defendant paid a total amount of $155.00 toward his American Express account. At the time of filing, Defendant owed a total balance of $5,165.46 to Plaintiff for this account.

Defendant's argument in response to nondischargeability is that the debt is no longer owed to the Internal Revenue Service, but is now an unsecured debt owed to American Express. However, Section 523(a)(14) directly counters this argument. In *MBNA America v. Chrusz (In re Chrusz),* 196 B.R. 221, 224 (Bankr.D.N.H. 1996) funds from a credit card check made to "Cash Deposit" were used to pay nondischargeable federal income taxes. The *Chrusz* Court found that the funds traceable to payment of nondischargeable Section 523(a)(1) debt were nondischargeable under Section 523(a)(14). *Id.See also* Arthur B. Federman, *The Bankruptcy Reform Act of 1994,* 51 J. Mo. B. 105, 106 (1995) (debtors cannot borrow funds with credit card to pay taxes that would be nondischargeable). Defendant postulates various scenarios of converting nondischargeable debt to dischargeable debt. However, Section 523(a)(14) eliminates potential benefits of substituting nondischargeable tax debt under Section 523(a)(1) with dischargeable credit card debt.

Defendant makes no argument that the underlying tax obligation is dischargeable. Nevertheless, the Court finds such debt would be nondischargeable under Section 523(a)(1). The Internal Revenue Service monthly statement denotes a tax period of December 31, 1997 and notation on the check corresponds to this date. Defendant issued the check on April 15, 1999 and filed her petition on July 23, 1999. This is clearly within the prescribed three-year period under Section 523(a)(1). Additionally, Defendant presents no evidence or affidavit in support of his cross-motion for summary judgment or in support of his

position that Plaintiff is not entitled to summary judgment.

Upon review of the evidence and pleadings, the Court finds that Plaintiff establishes that no genuine issue as to any material fact exists as to the nondischargeability of the unpaid amount of the American Express check used to pay Defendant's 1997 federal income tax obligation. A separate judgment will be entered in accordance with this Order. Accordingly, it is **ORDERED:**

1. Plaintiff's motion for partial summary judgment as to the First Count of Plaintiff's Complaint is **granted.**

2. Defendant's motion for summary judgment is **denied.**

## PARTIAL SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF

In accordance with this Court's Order Granting Plaintiff's Motion for Partial Summary Judgment and Denying Defendant's Motion for Partial Summary Judgment, it is **ORDERED** and **ADJUDGED:**

1. Partial Summary Judgment as to the First Count of Plaintiff's Complaint is entered in favor of Plaintiff, American Express Centurion Bank, and against Defendant, John A. Gavin.

2. Pursuant to 11 U.S.C. § 523(a)(14), Plaintiff shall recover from Defendant the sum of **$2,406.05** plus interest accruing at a rate of 6.197% from the date of this judgment, which debt is excepted from Defendant's discharge and for which let execution issue.